DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Dale Richardson, #269166 | ) | C/A No. 4:06-00460-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Willie Eagleton Warden, ECI, State of South Carolina, | ) ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Curtis Dale Richardson ("petitioner/Richardson"), was an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 28, 2006. Respondents filed a motion for summary judgment on April 25, 2006, along with supporting memorandum. The undersigned issued an order filed April 26, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to respondents' motion for summary judgment on May 9, 2006, and May 15, 2006. (Documents #11 and #13).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## FACTS/ARGUMENTS

In his petition, Richardson alleges that he is "being held hostage" and is in prison beyond his legal release date. Petitioner alleges that the state has refused to issue jail time credits and he is due nineteen months jail credit. Petitioner requests the court grant "19 months jail time credits and/or release." (Petition). In this petition, petitioner is only attacking his sentence and not the validity of his conviction.

Respondents filed a motion for summary judgment on April 25, 2006, arguing the case should be dismissed in that petitioner failed to state facts sufficient to support an action against respondents, petitioner cannot pursue his alleged state law violation through a Federal Writ of Habeas Corpus, petitioner has failed to exhaust his available state remedies, and petitioner has a prior pending state court suit addressing the same issue.

On August 3, 2006, petitioner filed a change of address with the court to a private address in Loris, South Carolina. As plaintiff has been released from the SCDC, which was the relief requested in his petition, this petition is moot. Where petitioner attacks sentence only and not validity of conviction, expiration of sentence moots case. Lane v. Williams, 455 U.S. 624, 631 (1982). Therefore, it is recommended that this petition be dismissed as MOOT and respondents' motion for summary judgment be deemed MOOT.

## CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that the petition be dismissed as MOOT in that petitioner has received his requested relief, he has been released from the SCDC.

Further, it is RECOMMENDED that respondents' motion for summary judgment (document # 7) be deemed MOOT and all outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 12, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**